IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 42213

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 474 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 27, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BENJAMIN GARY COTTLE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Stephen S. Dunn, District Judge.

Appeal, dismissed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; LANSING, Judge;
and GRATTON, Judge
_____

PER CURIAM

Benjamin Gary Cottle pled guilty to drawing a check without funds. Idaho Code § 18-3106(a). The district court sentenced Cottle to a unified term of three years with one year determinate, suspended the sentence and placed Cottle on supervised probation for three years. Cottle violated his probation in January 2011, and the district court continued his supervised probation for a period of three years. Subsequently, Cottle violated his probation a second time, and in February 2013, the district court again continued his supervised probation for three years. In April 2014, Cottle admitted to violating his probation a third time. At the disposition hearing Cottle's counsel made an oral request for reduction of sentence. On April 17, 2014, the district court entered an order revoking Cottle's probation and ordering the underlying sentence executed. Forty-three days later, on May 30, 2014, Cottle filed a notice of appeal with the

1

district court.  Cottle appeals asserting that the district court abused its discretion by refusing to consider his Rule 35 motion.

Idaho Appellate Rule 14(a) requires an appellant to file a notice of appeal within forty-two days from the entry of judgment or order from which the appeal is taken.  The requirement of perfecting an appeal within the forty-two-day time period is jurisdictional, and any appeal taken after the expiration of the filing period must be dismissed.  I.A.R. 21.

Cottle's notice of appeal was not timely filed.  This Court lacks jurisdiction to consider the appeal and it is hereby dismissed.